**ARMOUR AND COMPANY, a corporation**

v.

**R. Stewart SCOTT et al., Appellants.**

**No. 72–1680.**

United States Court of Appeals, Third Circuit.

Argued May 18, 1973.

Decided May 31, 1973.

David B. Buerger, Thomas M. Thompson, William J. Hanley, Buchanan, Ingersoll, Rodewald, Kyle & Buerger, Pittsburgh, Pa., for appellants.

Thomas J. Jackson, Charles M. Thorp III, William M. Wycoff, Thorp, Reed & Armstrong, Pittsburgh, Pa., for appellee.

Before VAN DUSEN, GIBBONS, and ROSENN, Circuit Judges.

OPINION OF THE COURT

PER CURIAM:

Appellee, Armour and Company (Armour), hired the appellants (herein collectively referred to as "Three Rivers") as its general contractor for construction of an extensive regional meat processing facility in the Pittsburgh area. During the construction, innumerable difficulties developed between the parties, the denouement of which was the termination of the Three Rivers' contract before its completion. The building, having a contract price of approximately Six and One-Half Million Dollars, ended up costing Armour more than Ten Million Dollars.[1]

Armour filed suit for breach of contract in the United States District Court for the Western District of Pennsylvania based upon diversity jurisdiction. Three Rivers counterclaimed, primarily on the basis of alleged breaches by Armour. The district court, sitting without a jury, found the contract breached by both parties. It therefore awarded no contract damages to either party. It did, however, order restitution of $670,214 plus interest to Armour, computed on the basis of $395,101 Three Rivers had received from Armour for payment to its subcontractors but which had not been paid, and $275,113 which Armour paid to Three Rivers but which had been expended on projects other than the Armour plant.

On this appeal, Three Rivers challenges the district court findings that:

(1) Three Rivers materially breached the construction contract;

(2) Armour deserved restitution for sums it had paid Three Rivers as progress payments which were not used to pay subcontractors; and

(3) Armour deserved restitution for sums paid to Three Rivers which were not expended for construction of the Armour facility.

■ ■ Upon consideration of the extensive record, the briefs of counsel and oral argument, we do not find the district court findings clearly erroneous as to any of the three issues raised by appellants. The district court's opinion and findings are replete with examples of material failures in performance by Three Rivers. A review of the record leaves little question but there was sufficient evidence on which the district court could find Three Rivers had breached the construction contract.

Restitution to Armour was predicated on the basis that Three Rivers had unjustifiably earned a profit in this transaction. The district court found that, at the time the contract was terminated, Armour had paid Three Rivers nearly $700,000 which it had not expended for Armour's benefit. The facts establish a classic case in which "a person who has been unjustly enriched at the expense of another is required to make restitution to the other." Restatement of Restitution § 1 (1937). We find ample evidence in the record to support the district court's finding that Three Rivers was unjustly enriched by at least $670,214.[2]

The judgment of the district court will be affirmed.

1. A complete recitation of the facts may be found in the district court opinion, 360 F.Supp. 319 (W.D.Pa.1972).

2. About one week before the argument on this appeal, appellants filed with this court a Motion for Permission for the District Court to Consider Defendants' Motion to Vacate Judgment. A Motion to Vacate Judgment was filed contemporaneously in the district court under Rule 60 (b)(2), (3) and (6), alleging newly discovered evidence and fraud, misrepresentation and misconduct of an adverse party.

In light of this court's disposition of the case on appeal, appellants' motion in this court is now moot. Our permission is no longer required for the district court to consider the motion to vacate judgment.